IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00434-REB-CBS

GORDON HOBBS,
    Plaintiff,
v.

EL PASO COUNTY CRIMINAL JUSTICE CENTER, and
EL PASO DEPUTY SHERIFF,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the "County Defendants' Motion to Dismiss Amended Complaint" (filed November 27, 2007) (doc. # 51). Pursuant to the Order of Reference dated April 13, 2007 (doc. # 13) and the memorandum dated November 28, 2007 (doc. # 52), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Proceeding *pro se*, Mr. Hobbs filed his original Complaint (doc. # 3) on or about February 20, 2007. At the court's direction (*see* doc. # 6), Mr. Hobbs filed an Amended Complaint on April 6, 2007 (doc. # 9). Mr. Hobbs' Second Amended Complaint (doc. # 48) was accepted by the court on November 6, 2007. In the Second Amended Complaint, Mr. Hobbs alleges "failure to give medical treatment and reckless indifference" (*see* doc. # 48 at p. 3 of 3).

At the time Mr. Hobbs filed his initial Complaint and Amended Complaint, he was incarcerated at the Denver Reception and Diagnostic Center ("DRDC") in Denver, Colorado. (*See* doc. # 3 at p. 2 of 8 ¶ 1; doc. # 9 at p. 2 of 9 ¶ 1; *see also* docs. # 25 (Mr.

Hobbs' address at D.R.D.C.); doc. # 29 (same); doc. # 33 (same); doc. # 36 (same)). Since the filing of this action, Mr. Hobbs has been released from custody. Appearing via telephone at a motions hearing held on October 18, 2007, Mr. Hobbs notified the court of his new address at 4520 Beaumont Rd. Colorado Springs, CO 80916. (*See* doc. # 47).

Defendants move to dismiss this civil action "for failure to prosecute based on nonpayment of the required filing fee and noncompliance with the court's order to do so" and pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(6), and 12(b)(7). (*See* doc. # 51 at p. 1 of 14). By a Minute Order dated November 28, 2007, the court directed Mr. Hobbs to file any response to Defendants' Motion on or before December 27, 2007. (*See* docs. # 53 and # 54). The court's records indicate that Mr. Hobbs' copy of the November 28, 2007 Minute Order was not returned in the mail as undeliverable. (*But see* doc. # 50 (Mr. Hobbs' copy of doc. # 49 returned in the mail marked "Return to Sender, Moved Left No Address, Unable to Forward")). As of this date, Mr. Hobbs has not responded to Defendants' Motion.

II.     Analysis

A.      Leave to Proceed *In Forma Pauperis*

Defendants first argue that this civil action should be dismissed for failure to prosecute based on nonpayment of the required filing fee and noncompliance with the court's Order to do so. On March 15, 2007, the court permitted Mr. Hobbs to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* doc. # 5). Mr. Hobbs was permitted to proceed with this civil action without payment of an initial partial filing fee and was ordered to pay the full $350.00 filing fee through monthly installments. (*See id.*). Title 28 U.S.C. §1915(b)(2) requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Thus, the court ordered Mr. Hobbs to "make monthly payments to the Court of twenty percent of the preceding month's

income credited to his account or show cause why he has no assets and no means by which to make the monthly payment." (*See* doc. # 5 at p. 2 of 4). Mr. Hobbs was warned that failure to comply with these requirements may result in dismissal of this action. (*See* doc. # 5 at p. 3 of 4).

Since initiating this lawsuit, Mr. Hobbs has made no partial filing fee payments and has submitted five inmate trust account statements. (*See* docs. # 4, # 10, # 19, # 26, and # 28). On September 26, 2007, the court issued an "Order Directing Plaintiff to make Monthly Filing Fee Payment or to Show Cause." (*See* doc. # 43). The court noted that

> [a]ccording to the trust fund account statement filed by Plaintiff on May 11, 2007 (Doc. # 19), the preceding month April's income credited to his account was $68.70. Likewise, the trust fund account statement filed by Plaintiff on August 16, 2007 (Doc. # 28) reflects the preceding month July's income credited to his account was $56.30. However, Plaintiff offers no payments towards his filing fee nor any explanation why he has not made any payments. "[W]hen a prisoner has sufficient income to pay a monthly partial filing fee . . ., he cannot be excused for failing to make the required partial payments". *Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003).
>
> * * *
>
> Plaintiff has also failed to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of [July] and September 2007.

(*See* doc. # 43).

The court ordered Mr. Hobbs to pay into the court registry a filing fee of $13.72 for the month of April 2007 and $11.26 for the month of July 2007 by October 15, 2007 and to make the required monthly payments or to show cause why he cannot. (*See* doc. # 43 at p. 2 of 3). The court further ordered that by the 15th day of each month thereafter, "Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment." (*See id.* at pp. 2-3 of 3). The court warned Mr. Hobbs that if he failed to comply with the court's order, this civil action could be dismissed without further notice. As of this date, Mr. Hobbs has not

responded to the court's Order, has not paid into the court registry filing fees of $13.72 for the month of April or $11.26 for the month of July, has not made the required past due monthly payments or shown cause why he cannot, and has not made the required monthly payments or filed a certified copy of his inmate trust fund account statement by the 15th day of each month.

The Prison Litigation Reform Act ("PLRA"), provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," subject to payment on an installment plan. 28 U.S.C. § 1915(b)(1)-(2). Subsequent release from prison does not relieve a prisoner of the obligation to pay the filing fee. Some jurisdictions hold that if released, a former inmate must pay all past-due obligations under the PLRA. *See Gay v. Texas Department of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (if a complainant is a prisoner when he files an action or appeal, then the PLRA's filing fee requirement applies). *See also In Re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) ("We find nothing to indicate that Congress intended to create a loophole through which prisoners could evade their PLRA fee obligations while in prison and be permanently relieved of these duties upon their release"); *Holder v. Kansas*, 2008 WL 199821 at * 1 (D. Kan. Jan. 23, 2008) ("although it appears plaintiff may have been released from custody shortly after filing his complaint, the fee requirements imposed by 28 U.S.C. § 1915(b) still apply because plaintiff filed his complaint while he was a prisoner as defined by 28 U.S.C. § 1915(g).").[1] *In forma pauperis* status merely "defers, but does not permanently excuse, the payment of filing fees." *In Re Smith*, 114 F.3d at 1251. *See also Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible.") (internal quotation marks and citations omitted) (emphasis in original); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir.

---

[1] Copies of unpublished opinions are attached to this Recommendation.

1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").

Other circuits have held that when circumstances of incarceration change, a plaintiff may retain eligibility for pauper status. *See McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.") *See also DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (same); *McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997) (holding that after "release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the releases individual qualifies for pauper status").

If the PLRA's filing fee requirement applies to Mr. Hobbs now that he has been released, Mr. Hobbs would owe the full filing fee. If the PLRA's filing fee requirement does not apply, Mr. Hobbs would only be excused from paying the full filing fee if the court were to grant *in forma pauperis* status. *See Carson v. Tulsa Police Department*, 2008 WL 467753 at * 4 (10th Cir. (Okla.) Feb. 21, 2008) (holding claim to be frivolous and declining "to decide whether the PLRA's filing fee requirements apply to a complainant who is incarcerated at the time he files notice of appeal but is subsequently released."). Despite his release from incarceration, Mr. Hobbs remained obligated pursuant to the court's September 26, 2007 Order to Show Cause to pay into the court registry a filing fee of $13.72 for the month of April 2007 and $11.26 for the month of July 2007 and to make the required past due monthly payments or show cause why he cannot. In order to proceed *in forma pauperis* after his release from incarceration, Mr. Hobbs was obligated to update the information concerning his financial condition by filing an amended motion for leave to proceed *in forma pauperis*. *See Okero v. Oklahoma County Jail*, 2007 WL 2220384 (W.D. Okla. July 30, 2007) (plaintiff may lose pauper status by failing to file an amended motion for leave to proceed *in forma pauperis*); *see also Carson*, 2008 WL 467753 at * 4; *Perrey*

*v. Donahue*, 2007 WL 1058232 at * 1 (N.D. Ind. April 4, 2007) (plaintiff allowed to proceed without making further payments on the filing fee after he filed another petition to proceed *in forma pauperis* as a nonprisoner).

Mr. Hobbs has neither responded to the court's September 26, 2007 Order to Show Cause, paid into the court registry filing fees of $13.72 for the month of April 2007 or $11.26 for the month of July 2007, made the required past due monthly payments or shown cause why he cannot by filing a certified copy of his inmate trust fund account statement by the 15th day of each month, nor filed another petition to proceed *in forma pauperis* as a nonprisoner.

In order to recommend the sanction of dismissal with prejudice of this civil action for failure to comply with § 1915 and the court's orders, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (when a dismissal is with prejudice it "should be determined by reference to the *Ehrenhaus* criteria"). The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

Applying the *Ehrenhaus* criteria, the court finds that although Defendants have not been prejudiced, Mr. Hobbs' ongoing failure to follow the court's orders and § 1915 with respect to his obligation to pay the filing fee, and the court's repeated review of his file and issuance of orders regarding the filing fee has increased the workload of the court and

therefore interfered with the administration of justice. The record does not reveal that anyone other than Mr. Hobbs is culpable for his failure to comply with the court's orders and § 1915. The court has repeatedly warned Mr. Hobbs of the possibility of dismissal for failure to comply with the court's orders and § 1915. (*See, e.g.*, docs. # 5 and # 43). Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on a plaintiff who has failed to comply with previous court orders and statutory requirements for payment. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to comply with the court's orders and § 1915.

B.  Defendants' Further Arguments for Dismissal

As the court recommends dismissal with prejudice for failure to comply with the court's orders and § 1915, the court does not reach Defendants' additional arguments for dismissal pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(6), and 12(b)(7).

Accordingly, IT IS RECOMMENDED that:

1.  The "County Defendants' Motion to Dismiss Amended Complaint" (filed November 27, 2007) (doc. # 51) be GRANTED.

2.  This civil action be DISMISSED with prejudice for Mr. Hobbs' failure to comply with the court's orders and Title 28 U.S.C. § 1915.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583

(10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of May, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge